**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SONIA BAILES, as Personal
Representative of the Estate of
JAMES BAILES, deceased,

    Plaintiff,

v.   Case No. 3:23-cv-601-TJC-MCR

WESTROCK CONTAINER, LLC,
A For Profit Corporation, and
KEVIN REYNAUD,

    Defendants.

## O R D E R

Plaintiff Sonia Bailes first filed this wrongful death case in state court in her capacity as the personal representative of her spouse's estate. (Doc. 4 ¶¶ 1–5). Bailes alleges that Defendants negligently caused her spouse's death through their alleged failures to provide a safe work environment. See id. ¶¶ 12–25, 33–45. Defendant WestRock Container, LLC removed the case based on diversity jurisdiction before Bailes served Defendant Kevin Reynaud, who is a Florida citizen. (Doc. 1 ¶ 6, 16). (He has now been served). The case is now before the Court on Bailes' Motion to Remand. (Doc. 11). WestRock responded. (Doc. 16).[1]

---

[1] Reynaud also filed a Motion to Dismiss (Doc. 12) to which Bailes

WestRock bears the burden of establishing diversity jurisdiction and showing that the statutory requirements of removal are met. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007) ("[T]he party seeking a federal venue must establish the venue's jurisdictional requirements.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). However, under the forum defendant rule in 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

As alleged in the Notice of Removal, Bailes is a citizen of Florida, WestRock is a citizen of Georgia and Delaware, and Reynaud is a citizen of Florida. (Doc. 9 at 3–6). WestRock argues this case can be removed under 28 U.S.C. § 1441 despite Reynaud's Florida citizenship because Reynaud was fraudulently joined. Id. at 2. Bailes counters that WestRock falls short of its burden to show fraudulent joinder. (Doc. 11 at 6–12).

---

responded (Doc. 17). Because the Court finds remand appropriate here, it need not address the Motion to Dismiss.

2

The law imposes a heavy burden on defendants to show fraudulent joinder. See Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). The fraudulent joinder doctrine is an exception to the forum defendant rule. Sullivan v. Bottling Grp. LLC, No. 8:13-CV-515-T-33MAP, 2013 WL 3209464, at *3 (M.D. Fla. June 24, 2013) (citing Stillwell, 663 F.3d at 1332). "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Stillwell, 663 F.3d at 1332 (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alterations in original). In determining fraudulent joinder, "federal courts are not to weigh the merits of a plaintiff's claim [against the resident defendant] beyond determining whether it is an arguable one under state law," id. at 1333 (internal quotation marks omitted), and courts must consider "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

Bailes brings one claim against Reynaud, an employee of WestRock, for negligence due to his alleged role in the decedent's death. (Doc. 4 ¶¶ 9, 31–51). "To establish a tort claim against an officer or agent of a corporation under Florida law, a plaintiff must prove that 'that the officer or agent owed a duty to

3

the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault.'" Watts v. Wal-Mart Stores East, LP, -- F. Supp. 3d --, 2023 WL 2028384, at *3 (S.D. Fla. 2023) (citation omitted) (quoting White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). "Florida courts have held that a corporate officer may be held individually liable for personal injuries caused to third parties provided several factors are present." McPherson v. Wells Fargo Bank, N.A., No. 1:13-CV-20545-KMM, 2013 WL 12059608, at *2 (S.D. Fla. Apr. 10, 2013) (citation and quotation marks omitted). These factors include:

> (1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment. The officer must have a personal duty towards the injured third party, breach of which specifically has caused this party's damages.

Id. (citation omitted) (citing McElveen v. Peeler, 544 So.2d 270, 272 (Fla. 1st DCA 1989)).

Bailes alleges sufficient—albeit somewhat vague—facts supporting a possible negligence claim against Reynaud. Bailes alleges Reynaud: (1) directed the repair work done by the decedent; (2) caused or allowed the electrical power supply to be miswired; (3) knew or should have known of the conditions that

4

caused the decedent's death; (4) knew or should have known the miswiring constituted an unreasonably dangerous condition for the decedent and could have exposed the decedent to electrocution and death; (5) that Reynaud owed numerous duties to the decedent regarding safety; and (6) that his alleged breach of those duties caused the decedent's death and the damages flowing therefrom. (Doc. 4 ¶¶ 31–51). Although WestRock attaches a declaration from Reynaud attempting to refute those allegations, the Court must nevertheless take Bailes' factual allegations in the light most favorable to her. Pacheco de Perez, 139 F.3d at 1380. Under this standard, WestRock has not met the heavy burden of showing there is no possibility Bailes may bring a claim against Reynaud.

Similar allegations in other cases have not risen to a finding of fraudulent joinder. See Taklani v. Target Corp., No. 9:19-cv-80859-ROSENBERG/REINHART, 2019 WL 13235646, at *1–2 (S.D. Fla. Nov. 5, 2019) (finding no fraudulent joinder because the complaint alleged that the manager-defendant held duties to maintain the premises in a reasonably safe condition and the manager allegedly breached those duties); Garber v. Wal-Mart Stores, Inc., No. 13–81260–CIV, 2014 WL 1479166, at *1–2 (S.D. Fla. April 14, 2014) (same); Hunt v. Target Corp., No. 14–80266–CIV, 2014 WL 1515262, at *2 (S.D. Fla. April 18, 2014) (finding affidavit of individual defendant contained conclusory statements and did not overcome general allegations in complaint

as to individual liability); Williams v. Gaffin Indus. Servs., Inc., No. 3:09-cv-1103-J-32JRK, 2010 WL 11507428, at *5 (M.D. Fla. May 7, 2010); cf. White, 918 So. 2d at 358 (reversing trial court's dismissal of claim against store manager with similar allegations); but see Watts, 2023 WL 2028384, at *4 (finding fraudulent joinder and noting defendant's declaration that he was not even aware the incident occurred until he was served with the complaint). Because WestRock has not met its burden to show fraudulent joinder, remand is appropriate. See § 1441(b)(2).[2] Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

---

[2] Bailes also contends that WestRock initiated an improper "snap removal" in violation of the forum defendant rule. (Doc. 11 at 4–6). A snap removal occurs "where a defendant removes a case prior to a forum defendant being served." Rising Phoenix Holding Corp. v. Ross, No. 22-62147-CV-WILLIAMS, 2023 3032095, at *1 (S.D. Fla. April 21, 2023). Because Reynaud was not fraudulently joined, the Court need not address this issue. It is also distinctly possible that Plaintiff named Reynaud as a defendant to defeat removal but the Court's suspicion is not sufficient under the law to find fraudulent joinder. Gamesmanship on both sides of removal practice is regrettable.

6

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of Record
Clerk, Fourth Judicial Circuit, Duval County